IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| USMAN MALIK MANSOOR, | ) | |
| ID # A 95319915, | ) | |
|     Petitioner, | ) | |
| vs. | ) | No. 3:06-CV-2282-L (BH) |
| | ) | ECF |
| UNITED STATES OF AMERICA, | ) | Referred to U.S. Magistrate Judge |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

On December 12, 2006, the Court received the instant *pro se* "Emergency Petition" from petitioner, an immigration detainee currently detained in Haskell, Texas. Petitioner therein claims that he has been detained since October 2, 2006, "due to overstay." He indicates that he has filed an application under the Violence Against Women Act (VAWA) that currently remains pending. He requests "discretionary release until there has been a decision made on [his] VAWA case." He attaches documents to his petition which reveal that (1) an attorney has entered an appearance on his behalf in the immigration proceedings; (2) the attorney has sought a stay of deportation or removal due to the VAWA case; and (3) petitioner has been notified that he has established a prima facie case for classification under the self-petitioning provisions of the VAWA.

Petitioner has identified no statutory or other basis for the instant petition. Because he paid a $5.00 filing fee required for a habeas petition, the Court opened the instant action under 28 U.S.C. § 2241. The Court first considers the threshold matter of jurisdiction.

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Thus, courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

In this instance, petitioner asserts no basis for jurisdiction. The Court has opened the case under 28 U.S.C. § 2241 simply because petitioner paid the $5.00 fee for such an action. Although habeas jurisdiction exists under § 2241 for some immigration challenges, such jurisdiction does not exist for the specific relief that petitioner seeks in this action. Petitioner seeks "discretionary release" pending resolution of his VAWA action. Such relief lies outside the scope of available relief under 28 U.S.C. § 2241. *See Zalawadia v. Ashcroft*, 371 F.3d 292, 299 (5th Cir. 2004) (holding that "[a] habeas court must . . . confine the scope of its review to considering the legality of the custody at issue"). In immigration context, "vacating the deportation order is the beginning and the end of the habeas authority" of the federal courts. *Id.* at 301. "The sole remedy available under habeas [in such context] is for the district court to vacate the removal order." *Id.*

In view of *Zalawadia*, this Court has no habeas jurisdiction to order petitioner released while his VAWA action remains pending.  Petitioner has not challenged the lawfulness of his current detention.  Because petitioner has stated no appropriate basis for federal jurisdiction, he has not carried his burden of establishing federal jurisdiction.  Accordingly, the Court should dismiss the instant action for lack of jurisdiction.[1]

### III.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the Court **DISMISS** the instant action for lack of jurisdiction.

**SIGNED this 12th day of December, 2006.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] Of course, such dismissal does not preclude petitioner from pursuing release through immigration channels that may be available to him.

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4